[Bozeman v. May *et al.*]

# Bozeman *v.* May *et al.*

*Application for Removal of Administratrix.*

(Decided February 13, 1902.)

1. *Administrator; settlement and compromise of claim in favor of estate, as ground for removal.*—For an administrator to settle and compromise a claim of the estate against a railroad company for causing the death of the intestate, through collusion with an employe of the company who is acting in its interest and who induces her to make the settlement for the benefit of the company and in disregard of the interests of the estate, is such malfeasance on her part as will justify her removal, although such employe may have had no authority to represent the company, and although the settlement which was made between her and the company's authorized agents may be valid and binding on the estate.

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

This was a petition filed in the probate court of Jefferson county, by Mrs. M. J. May and another, as heirs at law and distributees of the estate of Jesse A. Bozeman, deceased, against M. E. Bozeman, the administratrix of said estate, whereby the removal of said administratrix was sought on several grounds. The third ground as amended (but which is numbered 4) was as follows: "Petitioners aver that said M. E. Bozeman has been guilty of maladministration of said estate in this that the death of said Bozeman was caused by the act of the Louisville & Nashville Railroad Company, a corporation, operating a railroad in this State and in Jefferson county, where said death was caused, and the said administratrix undertook to settle the claim due said estate by reason of the death of said Bozeman, which petitioners aver was a valid claim for a large amount against said corporation, and that said M. E. Bozeman has by collusion with said corporation, its officers and agents, given a receipt in full against said claim to said

corporation in consideration of two hundred and fifty dollars, which it is claimed by her to have been in full settlement for said claim. Petitioners aver that they were not consulted as to said release, and that said compromise or settlement is collusive and void."

It appeared from the evidence that Goodson was a son-in-law of Mrs. Bozeman, the administratrix; that she lived with him and his wife; that he was instrumental in having her take out letters of administration on the estate, and paid for the administration; that she never consulted with petitioners about the settlement at all, and declined an interview with their attorney; and that Goodson was and had been for many years an employe of the railroad company.

Upon the trial in the probate court evidence was also introduced as to the circumstances of the death of the intestate, as well as other evidence regarding the settlement, which it is not necessary to set out. The court refused to give the general affirmative charge requested by defendant, and to this ruling she excepted, and took an appeal to the circuit court of Jefferson county. That court affirmed the judgment of the probate court, and from the judgment and decree of the circuit court this appeal is prosecuted.

THOS. G. & CHAS. P. JONES, for appellant.

CHAS. B. POWELL, for appellee, cited Code, §§ 46, 92; 11 Am. & Eng. Ency. Lew, 111; *Hubbard v. Smith,* 45 Ala. 516; *Matter of Hetherington,* 25 N. Y. Weekly Digest; *Waring v. Lewis,* 53 Ala. 615; *Van-Hoose v. Bush,* 54 Ala. 342; *Fairchild v. McMahon,* 139 N. Y. 290; *Jones v. Atchison,* 68 Ala. 167; *Whilden v. Merchants,* etc., 64 Ala. 1; *Clealand v. Walker,* 11 Ala. 1058; *Lea v. Fontaine,* 10 Ala. 755; *Willis v. St. Paul,* 53 Minn. 370; 1 Am. & Eng. Ency. Law, 1197.

McCLELLAN, C. J.—There was some evidence before the jury in support of the third ground as amended of the petition for the removal of Mrs. Bozeman from the office of administratrix of the estate of Jesse Bozeman, deceased. There was room for inference on the part of

the jury that Mrs. Bozeman compromised and settled the claim of the estate against the Louisville and Nashville Railroad Company through collusion with Goodson, an employe of and acting in the interest of the company, and that she was induced by Goodson to make the settlement for the benefit of the company and in disregard of the interest of the estate. This was such malfeasance on her part in her representative capacity as would authorize and justify her motion though Goodson had no authority to represent the company in the premises and though the settlement which was made between her and the company's authorized agents may be valid and binding on the estate. It follows that the court below committed no error in refusing the affirmative charge requested by the respondent; and as this action of the court is alone insisted upon as error by counsel for appellant, the judgment must be

Affirmed.